GARY M. RESTAINO
United States Attorney
District of Arizona

RAYMOND K. WOO
Arizona State Bar No. 023050
ARON KETCHEL
California State Bar No. 250345
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Raymond.woo@usdoj.gov
Aron.Ketchel@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>Isrrael Millan III,<br><br>　　　　　Defendant. | Case No. CR-20-00713-PHX-ROS<br><br>**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO ANTHONY SKAGGS'S PRIOR CONVICTIONS** |

　　　　The United States hereby moves *in limine* to preclude defendant Isrrael Millan III ("defendant") from referencing the prior convictions of government witness Anthony Skaggs.

　　　　The government anticipates calling Anthony Skaggs ("Skaggs") as a witness at trial. Skaggs is a co-defendant in this matter and previously pleaded guilty plea to Count 1 of the original Indictment (§ 371 conspiracy) on March 23, 2021 (Doc. 57.) Skaggs is awaiting sentencing in this matter.

Based upon his reported criminal history, the government believes that in 2013 Skaggs sustained prior assault-related, misdemeanor convictions, for which he received a sentence of 30 days in jail. In addition, in 2006, Skaggs sustained a prior felony, child endangerment conviction, for which he received a sentence of 3 years' probation. The government understands that the 2006 conviction concerned the discovery of drug paraphernalia in an apartment Skaggs (who was 19 years old at the time) occupied with a 16 year-old brother of Skaggs's roommate. Defense counsel has indicated that he intends to question Skaggs regarding the 2006 felony conviction.

Rule of Evidence 609 does not permit inquiry into Skaggs's prior convictions. Rule 609 requires that for a prior conviction to be admitted for purposes of impeachment, the prior conviction must either (a) be a felony conviction; or (b) the "elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Rule of Evid. 609(a). Here, Skaggs's misdemeanor convictions do not involve a dishonest act or false statement and therefore do not qualify for admission under Rule 609. Moreover, defendant has not indicated a desire to question Skaggs regarding his prior misdemeanor convictions.

Even if a witness has sustained a prior felony conviction, Rule 609 places express restrictions on referencing convictions sustained more than ten years ago. Rule of Evid. 609(b). Skaggs sustained his felony conviction in 2006 and did not serve any time in custody for the conviction. Thus, the conviction is more than ten years old. Rule 609 provides that a conviction sustained more than ten years ago is admissible "only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *Id.*

Defendant has not met his burden to justify introduction of Skaggs's 2006 conviction. Defendant has not identified any facts or circumstances related to the 2006 conviction that are probative to Skaggs's credibility as a witness in 2022. Moreover, reference to a conviction from 2006, when Skaggs was 19 years old, is prejudicial and defendant has not offered a basis that "substantially outweighs" this prejudicial effect.

The government met and conferred with defense counsel regarding this topic through email correspondence on November 7, 2022. Defense counsel indicated that he believes the 2006 conviction can be raised to impeach Skaggs pursuant to Rule 609.

For the reasons stated above, the government respectfully requests that the Court preclude defendant from referencing Skaggs's prior convictions as impeachment evidence pursuant to Rule 609.

Respectfully Submitted,

   /s/ Aron Ketchel
Aron Ketchel
Raymond K. Woo
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System and caused a copy to be electronically transmitted to the following CM/ECF registrants:

David Eisenberg, Esq.
*Attorneys for Defendant*

 s/ Aron Ketchel
U.S. Attorney's Office